## A. Mayer v. William Gersbacher et al.. Adm'rs.

1. VERDICT—*Where There is Substantial Evidence to Support Each Party.*—Where there is substantial evidence introduced by each party in support of his side of the case, the verdict of the jury will not be disturbed.

Assumpsit.—Appeal from the Circuit Court of White County; the Hon. ENOCH E. NEWLIN, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

GEORGE B. PARSONS, GEORGE W. PILLOW, JESSE E. BARTLEY and ROSS GRAHAM, attorneys for appellant.

PARISH & PARISH and C. S. CONGER, attorneys for appellees.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Since this case was before this court at a former term, the original defendant below, J. W. Springer, has departed this life, and the administrators of his estate have been substituted in his stead in this court.

The deceased was possessed of and conducted a mill for the manufacture of flour, at Shawneetown, and appellant delivered to deceased, to be stored in his mill, 2,365 bushels of wheat, beside other wheat, which was afterward

sold by appellant to deceased, and by deceased paid for. By the terms of the contract of storage, appellant was to pay no storage charges, but the deceased was to have the option of purchasing the wheat when appellant concluded to sell, provided deceased would pay as much for the wheat as any one else; and, by the original contract, the wheat was to be kept separate from and not mixed with other wheat in the mill.

The mill was accidentally destroyed by fire, and deceased claimed, and appellees, his administrators, now claim that the wheat was destroyed with the mill through no fault of deceased.

This suit is brought to recover the value of 2,365 bushels of wheat.

The case has been twice tried by the court below, resulting in a verdict and judgment in each trial against appellant. The judgment at the first trial was appealed from by appellant in this case, and the record was brought to this court for review, and the judgment was affirmed. See Mayer v. Springer, 95 Ill. App. 173. From this judgment of affirmance, appellant appealed to the Supreme Court, where the judgments of this court and the Circuit Court were reversed and the cause remanded to the Circuit Court for a new trial. See Mayer v. Springer, 192 Ill. 270.

After the cause was redocketed in the Circuit Court, the defendant below, in addition to the plea of general issue which had before been filed to the declaration, filed a notice of his defense, as follows:

"The plaintiff will take notice that, on the trial of this cause, the defendant will give in evidence and insist that previous to the time when the said mill and the wheat of said plaintiff was destroyed by fire, an agreement had been entered into by and between said plaintiff and said defendant by which said defendant was authorized to mix the said wheat of plaintiff with that of said defendant, and to grind up and dispose of the said wheat of said plaintiff as said defendant might desire, and to keep in store for said plaintiff an equal amount of wheat of the same grade as the wheat of plaintiff, subject to the plaintiff's order and demand, and that in pursuance of said agreement, said

defendant did grind up and dispose of the wheat of said plaintiff, and in lieu and place thereof the said defendant did keep in store in his said mill an equal amount of wheat to that received by defendant from said plaintiff, and of the same grade, at all times subject to the demand of said plaintiff from and during and at all times after the said wheat of plaintiff was received by defendant in his said mill up to the time the said mill and its contents were destroyed by fire, and that such quantity of wheat was actually in said mill at the time the said mill was so destroyed by fire, and was burned up and destroyed by fire; that said defendant at all times used proper care for the safety of said wheat and the prevention of the fire which destroyed the said mill and wheat."

On the first trial of the case there was no contention that the wheat was not stored in the defendant's mill, nor was there any such contention at the last trial. At the former trial, although the written notice of defense now made was not then filed, the question made by the notice was litigated under the general issue, without objection by appellant, on the same character of evidence as now appears in this record, and this court, in deciding the case, said:

"If at any time while stored, an agreement was entered into that the wheat, or its equivalent in kind and quantity, was to be returned on demand, and defendant kept in store, and had in store at the time of the fire a sufficient amount of wheat to meet such demand, then the deposit was a bailment and not a sale, and the wheat in store was at appellant's risk."

On appeal the Supreme Court reversed the judgment of this court and of the Circuit Court for the reason that the latter court gave to the jury a certain instruction for appellee that tended to mislead the jury because there was no evidence in the record to which it could apply.

The Supreme Court in closing its opinion said:

"If there was an agreement by which defendant was authorized to mix the wheat with his own grain, or grind and dispose of it, and to keep in store for the plaintiff an equal amount of wheat of the same grade, the question would be whether he complied with his agreement and kept in store the requisite amount of the same grade, and

whether he used proper care for its safety and prevention of fire."

The only real issue in the case at the last trial was upon the written notice of defense filed by appellee, as it was substantially conceded by appellee that if the facts as set up in the notice were not proven, the verdict of the jury must be for the appellant, and it was upon this theory of the case that the instructions were given and refused, which are now complained of by appellant as error.

On the part of appellee, substantial evidence was introduced to the effect that some time after the wheat was stored in the mill it became infested with weevil, and thereupon an agreement was made between appellant and deceased, that deceased should mix appellant's wheat with some of his own wheat and grind it up, and dispose of it as deceased might choose to do, deceased to keep in store for appellant the same amount of wheat of the same grade as appellant's wheat, subject to the order or demand of appellant, and under this agreement deceased ground up and disposed of appellant's wheat and kept on hand in his mill the same amount of wheat, of the same grade as appellant's wheat, subject to appellant's order, until deceased's mill burned down and was totally destroyed, and with it the wheat stored in it for appellant was also destroyed, without any fault of deceased.

On the part of appellant substantial evidence was introduced, contradictory to appellee's evidence.

The verdict of the jury was for the defendant and judgment having been rendered against the plaintiff for costs he has brought this appeal, and assigned the following errors:

"First. The Circuit Court erred in giving each and every instruction given for defendant.

"Second. The court erred in refusing to give instructions 8 to 11, inclusive, asked by plaintiff.

"Third. The court erred in modifying instructions 3 to 7, inclusive, asked by plaintiff and in giving them to the jury as modified.

"Fourth. The court erred in refusing to give said

instructions 3 to 7, inclusive, to the jury in the form they were asked by the plaintiff.

"Fifth. The jury erred in finding verdict in favor of defendant.

"Sixth. The court erred in overruling motion of plaintiff to set aside verdict and grant a new trial.

"Seventh. The court erred in overruling motion in arrest of judgment.

"Eighth. The court erred in rendering judgment on the verdict, and adjudging the costs against the plaintiff."

It seems evident to us, that the purpose in assigning and elaborately arguing the first four errors is to get, if possible, a substantial rehearing of the case as it stood on the former record.

Rule 33 of this court provides the course to be pursued to obtain a rehearing of the case, and no other course can be tolerated.

The fifth error, if it means anything, must mean that the verdict is unsupported by the evidence, and it will so be considered hereafter.

As to the sixth error, there is nothing in the motion for a new trial, that has been argued, which has not been specifically pointed out in other errors assigned, as no complaint was made in the motion of the ruling of the court, in the admission or rejection of evidence.

No reason being given why the judgment should have been arrested, no notice of the seventh error need be taken.

What is meant by assigning the eighth error, it is not easy to understand, for when the court found no reason for setting the verdict aside, there was nothing the court could do with the verdict except to render judgment on it, which could not be error, even though the ultimate judgment itself may have been wrong, because of errors in the case preceding the judgment.

The instructions given by the court put the law correctly to the jury, and the only remaining question is, is the verdict sustained by the evidence? We have already said that there was substantial evidence introduced by each party in support of his side of the case; this being

so, this court is compelled to say, that in a legal sense the verdict is sustained by the evidence. To say otherwise would in effect be saying that this court, who has not seen, or heard a single witness testify, is better able to determine on which side of the case the evidence preponderates, than was the jury of intelligent men who saw the witnesses and heard their testimony. The effect of such a usurpation would be to deny to a litigant the right to a trial by jury. We can not undertake the usurpation of such a power.

We find no material error in the record and the judgment is affirmed.